HONORABLE LONNIE R. SUKO

Brian A. Christensen
Jerry J. Moberg & Associates
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356
Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DAVID A DODD<br><br>Plaintiff(s),<br>v.<br><br>JAMES W. MARSHALL AND CITY OF EAST WENATCHEE, sued in individual and official capacities<br><br>Defendant(s). | NO. CV - 12-522-LRS<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT MOTION |

Comes now the City of East Wenatchee and James W. Marshall, by and through their attorney of record, Brian A. Christensen, and makes the following Reply to Plaintiff's opposition to Defendants Motion for Summary Judgment:

T:\WPWIN\East Wenatchee\Dodd v City of East Wenatchee (CIAW)\Pleadings - Dispositive Motions\255122.doc

Defendant's Reply to Plaintiff's Opposition to Summary Judgment Motion

Page -- 1

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

In response to Defendant's motion for summary judgment, the plaintiff has merely filed a decision of a municipal court judge finding a lack of probable cause for the arrest of Mr. Dodd by Officer Marshall. This response fails to account for many of the plaintiff's claims and fails to recognize the differences in the immunity and probable cause issues.

1. The issues of probable cause and qualified immunity are separate. Even if it is determined that an arrest was made without probable cause, an officer may still be entitled to qualified immunity. *Rosenbaum v. Washoe County,* 663 F.3d 1071, 1078 (9th Cir. 2011). The qualified immunity test gives deference to the judgment of reasonable officers on the scene. *Saucier v. Katz*, 533 U.S. 194, 204 (2001). The linchpin of the qualified immunity analysis is the reasonableness of the officer's conduct in the particular case at hand. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). One way of asking the reasonableness question in determining whether qualified immunity applies is to ask "whether all reasonable officers would agree that there was no probable cause in this instance." *Washoe County*, 663 F.3d at 1078. Plaintiff has not offered evidence to dispute this or even discuss the issue. Further, plaintiff bears the burden of proving that the particular federal right alleged to have been violated was so clearly

T:\WPWIN\East Wenatchee\Dodd v City of East Wenatchee (CIAW)\Pleadings - Dispositive Motions\255122.doc

Defendant's Reply to Plaintiff's Opposition to Summary Judgment Motion

Page -- 2

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

established at the time of the official's action that the official should have known that they were violating a constitutional right. *Robinson v. Seattle*, 119 Wash. 2d 34, 65-66, 830 P.2d 318, *cert. denied*, 506 U.S. 1028 (1992); *Altshuler v. City of Seattle*, *Mun. Corp.,* 63 Wash. App. 389, 394, 819 P.2d 393 (1991). This issue was not discussed by Plaintiff.

Plaintiff has not proffered evidence to dispute the qualified immunity analysis or the testimony of Mr. Ovens, the police practices expert. Officer Marshall acted reasonably.

2. Plaintiff has not discussed the issues concerning most of the claims. There was no discussion of excessive force, due process, freedom of speech, or the state law claims. As no defense has been offered, they should be dismissed. Further, there has been no discussion of the factors involved with municipal liability or res judicata or collateral estoppel, if such was being alleged by the plaintiff.

3. Plaintiff's response fails to follow the rules concerning factual allegations and objections to factual allegations. LR 56.1 (b) states that a party opposing a summary judgment motion must file with its responsive memorandum a statement, in serial fashion, setting forth the specific facts the party asserts create a genuine issue of fact. Also, it must specifically

T:\WPWIN\East Wenatchee\Dodd v City of East Wenatchee (CIAW)\Pleadings - Dispositive Motions\255122.doc

Defendant's Reply to Plaintiff's Opposition to Summary Judgment Motion

Page -- 3

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

identify any facts asserted by the moving party which the party disputes. This rule was not followed.

The Defendant's ask the court to find as a matter of law that its asserted facts are true, since they have not been specifically denied.

Plaintiff has failed to properly deny allegations or discuss issues raised. The court should grant the motion for summary judgment.

SUBMITTED ON August 29, 2013.

s/ Brian A. Christensen
BRIAN A. CHRISTENSEN, WSBA #24682
Attorney for Defendants
Jerry J. Moberg & Associates
451 Diamond Drive
Ephrata, WA 98823
(509)754-2356
bchristensen@canfieldsolutions.com

T:\WPWIN\East Wenatchee\Dodd v City of East Wenatchee (CIAW)\Pleadings - Dispositive Motions\255122.doc

Defendant's Reply to Plaintiff's Opposition to Summary Judgment Motion

Page -- 4

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

James Kirkham
james@kirkhamlaw.com

DATED August 30th, 2013 at Ephrata, Washington.

s/Brian A. Christensen
Brian A. Christensen

T:\WPWIN\East Wenatchee\Dodd v City of East Wenatchee (CIAW)\Pleadings - Dispositive Motions\255122.doc

Defendant's Reply to Plaintiff's Opposition to Summary Judgment Motion

Page -- 5

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202