UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID A. DODD,<br><br>                Plaintiff,<br><br>  v.<br><br>JAMES W. MARSHALL AND CITY OF EAST WENATCHEE, sued in individual and official capacities,<br>                Defendants. | NO. CV-12-0522-LRS<br><br>ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

     This is a 42 U.S.C. Section 1983 action in which the Plaintiff claims he was unlawfully arrested by a City of East Wenatchee police officer who used excessive force upon him in violation of his federal constitutional rights. On July 16, 2013, Defendant City of East Wenatchee and James W. Marshall ("Defendants") filed a motion for summary judgment. ECF No. 25.

     The Plaintiff, a prisoner at Airway Heights Corrections Center, filed a response (through counsel[1]) in opposition to Defendants' motion for summary judgment on August 16, 2013. ECF No. 30. Plaintiff provided no separately filed statement of facts in opposition to Defendants' motion for summary judgment. Plaintiff provided a decision of a municipal court judge finding lack of probable cause for the arrest of Plaintiff Dodd by Defendant Officer Marshall. The motion is heard without oral argument.

---

[1] Plaintiff was pro se until a notice of appearance was filed on his behalf August 16, 2013, and after Defendants' Motion for Summary Judgment was filed.

ORDER - 1

**BRIEF BACKGROUND**

This case was originally filed in Douglas County Superior Court and removed to federal court pursuant to 28 U.S.C. §1446(a) on August 28, 2012.  Plaintiff asserts a civil rights claim under 42 U.S.C. §1983. Plaintiff alleges the following federal claims against Defendants:  1) excessive force;  2) violation of due process due to a lack of probable cause; 3) unlawful seizure; and 4) violation of plaintiff's freedom of speech. Plaintiff alleges the following state claims against Defendants:  1) false arrest; 2) violation of due process (state constitution); 3) unlawful seizure (state constitution); 4) violation of freedom of speech (state constitution); and 5) negligent hiring/supervision. Defendants assert entitlement to qualified immunity and request that all claims be dismissed.

**SUMMARY OF FACTS FROM EACH PARTIES' PERSPECTIVE**

**A.   Defendants' Version of Facts**

On June 9, 2010, Officer James Marshall observed Plaintiff Dodd drive up to his location (at a stop sign near the Costco Parking lot in East Wenatchee, Washington) and stop his truck adjacent to the officer, in the wrong lane of travel.  Plaintiff was known to Officer Marshall from previous contacts and due to his reputation among other officers.  Plaintiff was known as a volatile individual that had many contacts with law enforcement. Plaintiff says Officer Marshall had passed him earlier in the evening and turned around, however, he admits he doesn't know if Officer Marshall looked at him when passing or not.  Plaintiff was not pulled over by Officer Marshall that evening prior to his contact with the officer at the stop sign.

ORDER - 2

Plaintiff Dodd began yelling and cursing at Officer Marshall about harassing him. Officer Marshall pulled forward so he could get out of the car because he felt threatened by the sudden encounter.  Plaintiff sped off.  Officer Marshall was concerned about Plaintiff's behavior and the way he was driving, so he followed.  Plaintiff drove at a high rate of speed and did not pull over when the officer turned on his overhead lights. Plaintiff finally arrived at his home and got out of his car yelling at the officer. Officer Marshall originally pulled out his service weapon because of the demeanor and reputation of Plaintiff, and held it at low ready.  When Plaintiff failed to obey instructions, the officer pulled out his taser weapon and pointed it at Plaintiff.  Plaintiff then complied and got on the ground.  Plaintiff was uncooperative and belligerent during the contact.  Plaintiff was taken to the jail and processed for potential criminal charges.  Plaintiff refused all testing and to cooperate.  ECF Nos. 25, 26, 27.

**B.    Plaintiff's Version of Facts in Opposition**

Plaintiff states generally that he "disagrees with Defendants' statement of facts."  ECF No. 30 at 2.  Plaintiff asserts that Officer Marshall never acted in a reasonable manner towards Plaintiff and his stop of Plaintiff was unlawful and the arrest unjustifiable.  Id.  Plaintiff concludes that a genuine issue of material fact regarding Officer Marshall's conduct clearly remains.

Plaintiff opposes this motion, though, without specifically complying with LR 56.1(b) which requires the opposing party to

ORDER - 3

file with its responsive memorandum a statement, in serial fashion, setting forth facts the party asserts create a genuine issue of fact. Instead, Plaintiff's opposition relies entirely on Judge Chancey C. Crowell's Memorandum Opinion of September 27, 2010. From Judge Crowell's opinion, Plaintiff argues the following findings raise genuine issues of material facts:

- Judge Crowell concluded that, during the June 9, 2010 stop, Officer Marshall did not observe Mr. Dodd fail to stop at any stop sign, of which there was at least two, or fail to signal prior to turning, of which there were at least five places where Mr. Dodd was required to signal prior to turning.
- Officer Marshall[ ...] elected to pull Mr. Dodd over for speeding, even though he was unable to pace the vehicle, could not see the vehicle on all of Pace Drive or Highline and could not see the vehicle on all of any of the streets thereafter ..."
- The judge further concluded that the stop was unlawful, that it was more likely a pretext than not, and that "The Court is forced to conclude that at a minimum the Officer lacked a reasonable suspicion of criminal behavior or probable cause to arrest ...
- Mr. Dodd's conduct [...] did not justify Officer Marshall's arrest, an arrest made with a gun drawn even though the stop was allegedly for speeding.
- Furthermore, a trained police officer should not be expected to react in the manner of untrained citizen.

ECF No. 30 at 3.

### **SUMMARY JUDGEMENT STANDARD**

Summary judgment is appropriate when it is demonstrated that

ORDER - 4

there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  *Id*.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id*.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id*. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this

ORDER - 5

factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n. 11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences

ORDER - 6

that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## **DISCUSSION**

Defendants assert that pursuant to Local Rule 56.1(d), the failure to file a statement of specific facts in opposition to a motion for summary judgment allows the Court to assume the facts as claimed by the moving party(s) exist without controversy. Although Plaintiff did not succinctly follow Local Rule 56, the Court finds that the facts alleged by Defendants exist with controversy based on Plaintiff's responsive memorandum in opposition.

The undersigned judicial officer finds that Plaintiff has met his burden of demonstrating that genuine issues of material fact exist with respect to the claims for constitutional violations and 42 U.S.C. §1983. In particular, genuine issues of material fact for trial with respect to Defendant Officer Marshall's conduct remain. Further, because genuine issues of

ORDER - 7

material fact exist with respect to whether a constitutional violation was committed by the individual officer, there also exists genuine issues of material fact with respect to the existence of municipality liability on the part of the City of East Wenatchee. To prevail on a civil rights complaint against a local government under *Monell*,[2] a plaintiff must satisfy a three-part test: (1) The official(s) must have violated the plaintiff's constitutional rights; (2) The violation must be a part of policy or custom and may not be an isolated incident; and (3) a nexus must link the specific policy or custom to the plaintiff's injury.

As to the related state law claims, Defendants have not sufficiently briefed them for the Court to render a dispositive ruling.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' motion for summary judgment (**ECF No. 25**).

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this order.

DATED this ___23rd___ day of September, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

---

[2]*Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978).

ORDER - 8